## HELLO WORLD BROADCASTING CORPORATION v. INTERNATIONAL BROADCASTING CORPORATION.*

### No. 5117.

Court of Appeal of Louisiana. Second Circuit.

Dec. 13, 1935.

448

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant.

Harry V. Booth, of Shreveport, for appellee.

## DREW, Judge.

Station KWKH formerly managed, owned, and operated by the plaintiff company, was sold and taken into possession by the defendant company on the 25th day of September, 1933. A broadcasting facility of Station KWKH was "Kennonwood," which place was used by the defendant subsequent to September 25, 1933, in aid of its business.

By oral agreement, it is alleged that the defendant company agreed to pay one-half of the gas account used at Kennonwood, which was supplied by the United Gas Public Service Company. The total charge from October 1, 1933, through the month of July, 1934, was the sum of $363.46, one-half of which plaintiff alleges is due by defendant, and thus this suit.

The petition was filed August 1, 1934; personal service was made on the defendant August 1, 1934. On September 18th, the defendant filed a plea of vagueness, requesting (a) that plaintiff allege whether the understanding or agreement was oral or in writing; and (b) that an itemized statement be furnished as to the account sued upon.

On September 24th, this plea being argued and submitted, for reasons orally assigned, the same was sustained and plaintiff ordered to amend within ten days. On October 4th, in response thereto, plaintiff filed its amended petition, alleging (a) that the agreement was oral; and (b) an itemization of the account sued upon.

On October 24th, nearly three months after the petition had been filed and service made, the defendant filed its answer, which is in substance a general denial of both petitions.

On November 14, 1934, this cause was set for trial for Friday, November 23, 1934, and on Wednesday, November 21st, the defendant filed a supplemental and amended answer, containing a reconventional demand founded on the following facts; that the plaintiff was indebted unto it in the sum of $185.69, representing electric energy and service for the use of plaintiff company, furnished and supplied by the Southwestern Gas & Electric Company, from the period beginning September 26, 1933, through September 22, 1934. This sum is set forth in reconvention; in the alternative in compensation, against plaintiff's demands.

The following facts are not in controversy:

That on September 25, 1933, Station KWKH, at that time owned and operated by the Hello World Broadcasting Corporation, and its broadcasting facilities, was delivered to the defendant in this suit, International Broadcasting Corporation. The latter company continued to avail itself of the station's facilities at "Kennonwood," the country estate of W. K. Henderson, president of the Hello World Broadcasting Corporation. This property was furnished with natural gas by the United Public Service Company and with electric energy by the Southwestern Gas & Electric Company. Since "Kennonwood" was used by Mr. Henderson and his family, it was mutually agreed that the defendant would refund to plaintiff one-half of the amount of the gas account. Separate meters were installed to measure the electric energy used by the Henderson family and by the International Broadcasting Corporation.

The correctness of the two accounts is not disputed, the gas account in the sum of $179.72½, and the electric account in the sum of $185.69.

At the time the sale of Station KWKH was consummated and as an additional consideration therefor, the defendant agreed to allow the Hello World Broadcasting Corporation advertising time over the station, at the prevailing rate, not to exceed the sum of $5,000.

Some time in the latter part of February or first part of March, 1934, Mr. Henderson received his first invoice from the International Broadcasting Corporation, for electric current used at Kennonwood, in the sum of $72.07. Not having the funds to care for said account, the purchase price of the station at that time not having been paid, he called Mr. Northup, general manager of said defendant company, for the purpose of having the electric current

account debited against the $5,000 advertising credit.

This brings us to the sole issue of fact in this case, namely: Was there a bona fide agreement between W. K. Henderson, president of the Hello World Broadcasting Corporation, and Dwight Northup, manager of the defendant company, whereby the latter agreed to debit the electric bills rendered and to be rendered against the advertising account?

Mr. Henderson is positive in his testimony that he had such an agreement with Mr. Northup, manager of the defendant company. Mr Northup is positive he did not make such an agreement, but that he agreed to take the matter up with the officials of the company. Immediately after the said alleged agreement, Mr. Henderson, president of plaintiff corporation, sent to the defendant credit memorandum for the amount of the electric bill then due, being $72.70. This was on March 19, 1934. He sent other credit memoranda on March 20, May 4, and July 20, 1934, as the electric bills became due. These credit memoranda were kept by the defendant company until after the present suit was filed, which was August 1, 1934, when they were returned to plaintiff.

Defendant did not inform plaintiff that the agreement to debit its account for advertising with the electric bills was not accepted until sometime in July, 1934. It is true, defendant attempts to explain this action by stating that the credit memoranda were received by an assistant, who was the bookkeeper of defendant company, and who was in the office, and that they were never brought to the attention of the manager. If this be true, the business was very loosely conducted. The fact that plaintiff did send the credit memoranda immediately after he states the agreement was reached, and defendant kept them, is a very strong circumstance in corroboration of the testimony of Mr. Henderson. A lady in the office of the defendant corporation attempted to corroborate defendant's manager to the effect that the manager stated to Mr. Henderson that he would take the matter up with the officials, and did not agree to accept the credit memoranda as a debit on his advertising account.

As can be seen from the facts above stated, the case is purely one of facts, and, to a great extent, involves the credibility of witnesses. The lower court is better qualified to pass upon the credibility of witnesses than we are, and, in such cases, unless the judgment is manifestly erroneous, we will not disturb it. The lower court rendered judgment for plaintiff as prayed for, and rejected the claims of defendant in reconvention; and we cannot say the judgment is erroneous. To completely review all the testimony in the case in this opinion would be of assistance to no one.

The judgment is therefore affirmed, with costs.